UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS SENTELL DAVIS                            CIVIL ACTION

VERSUS

EDMUND PETERS, ET AL.                       NO. 17-00795-BAJ-EWD

## RULING AND ORDER

Before the Court is Travis Sentell Davis' ("Plaintiff") **Motion for Temporary Restraining Order (Doc. 3)**. For the reasons stated below, the Court DENIES Plaintiff's motion.

I.     **FACTUAL HISTORY**

In Plaintiff's Motion for Temporary Restraining Order, Plaintiff asserts generalized complaints regarding prison conditions including alleged retaliation, which have "force[d] [him] to seek refuge under mental health." (Doc. 3 at p. 2). Plaintiff claims that the retaliation he is experiencing is a direct result of having filed a complaint against various prison officials. (Id. at p. 2). Plaintiff alleges no other facts or legal theories in support of his motion.

In his complaint, Plaintiff claims that he was punched in the face multiple times after a routine medical exam, and was forcefully penetrated by officers under the guise of retrieving a stool sample. (Doc. 1-1 at p. 3). Plaintiff also alleges that he was "tortured" by being kept in isolation, and not given enough food. (Id. at p. 5). Throughout Plaintiff's complaint, he references multiple instances where he

attempted suicide, was rushed to the hospital for treatment, and then not given acceptable after-care treatment. (Id., generally).

II. **LEGAL STANDARD AND DISCUSSION**

Federal Rule of Civil Procedure ('Rule') 65 provides:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff did not submit an affidavit, and his complaint is not verified. Further, Plaintiff is proceeding *pro se*, and has not certified in writing any efforts made to give notice to Defendants. Thus, Plaintiff has not met the minimum requirements under Rule 65 for a temporary restraining order. Additionally, Plaintiff's motion wholly fails to address the requirements for a temporary restraining order or a preliminary injunction.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for

preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

In the instant motion, Plaintiff asserts that he is being retaliated against for a previously pending lawsuit, which was allegedly "dismissed because someone was destroying [Plaintiff's] outgoing mail." Plaintiff further alleges "[h]e is being force [sic] to seek refuge under mental health because of the conditions of my confinement." (Doc. 3 at p. 2). The record is devoid of any evidence to support Plaintiff's assertions. Thus, for the purposes of obtaining a preliminary injunction, Plaintiff has failed to meet his burden. In particular, Plaintiff has not shown, and does not even so much

as allege, that he will face a substantial threat of irreparable injury if the injunction is not granted, nor does Plaintiff address any other requirement necessary in order to obtain injunctive relief.

Though the Court is mindful that Plaintiff is a *pro se* litigant, his motion remains insufficient to warrant granting the immediate relief he seeks at this stage. Importantly, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." *Canal Auth. of State of Fla, v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

Plaintiff has failed to make the proper showing that his case falls within this exceedingly narrow exception.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Temporary Restraining Order (Doc. 3)** is **DENIED**.

Baton Rouge, Louisiana, this 12th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**