# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TRAVIS SENTELL DAVIS

VERSUS

EDMUND PETERS ET AL.

CIVIL ACTION

NO: 17-00795-BAJ-EWD

## RULING AND ORDER

Before the Court is *pro se* Plaintiff's **Motion for Spears Hearing/Temporary Restraining Order (Doc. 14).** Oral argument is not required. For the reasons stated below, Plaintiff's Motion is **DENIED**.

## I.    FACTUAL BACKGROUND

Plaintiff alleges that he is the victim of "ongoing retaliation" because he was transferred from East Baton Rouge Parish Prison to Catahoula Correctional Center soon after receiving a notice "informing [him] about a temporary restraining order/requesting a spears (sic) hearing." (Doc. 14 at p. 1). Plaintiff further alleges he was put in a cell with an iron door and no windows, and that all of his privileges were restricted. (*Id.* at p. 2). Plaintiff avers that he was transferred to solitary confinement on or about July 26, 2018, and was eventually released and transferred back to the East Baton Rouge Parish Prison on June 28, 2019. (*Id.* at p. 1, 2). Plaintiff requests a Spears hearing[1] and a Temporary Restraining Order. (*Id.* at p. 2).

---

[1] In *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the United States Court of Appeals for the Fifth Circuit provided district courts broad discretion to determine, in a pre-suit hearing if inmates may be allowed to pursue non-frivolous claims against prison officials.

## II. LEGAL STANDARDS

It "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir.2014) (*citing Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)). Thus, courts have held, for example, that "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal." *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 683 (N.D. Tex. 2015).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light*

*Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mkttg. Grp., Inc.*, 878 F.2d at 809.

If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

## III. DISCUSSION

Plaintiff has not satisfied the basic elements required for the imposition of immediate injunctive relief as set forth by *Ridgley* because he fails to plead any facts that can reasonably be interpreted as having met any of the *Ridgley* criteria. Plaintiff merely argues that his rights have been violated, and that he should be granted a Spears hearing and an injunction, without any further discussion. Plaintiff fails to allege that that there are any current ongoing violations of his rights, nor does he allege that he suffered from any injuries or other conditions related to the time allegedly spent in solitary confinement.

The Court is required to review a *pro se* litigant's complaint liberally, so as to glean a cause of action from often inartfully pleaded complaints. The Court has

complied with this mandate. The Court cannot, however, be expected to "extract blood from a stone" when a *pro se* litigant does not allege even the bare minimum facts to support a cause of action. Because Plaintiff has not alleged any facts that can be reasonably interpreted to address *any* of the requisite criteria for the issuance of a temporary restraining order, the Court cannot reach the full merits of Plaintiff's request.

Because Plaintiff has not met the basic pleading requirements to be granted injunctive relief, the Court finds no need to order that a Spears hearing be conducted to determine if Plaintiff's motion for injunctive relief is frivolous. Plaintiff's motion is **DENIED**.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Spears Hearing/Temporary Restraining Order (Doc. 14)** is **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 24th day of September, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA