UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                              CIVIL ACTION

**VERSUS**

**EDMUND PETERS, ET AL.**                          NO.: 17-00795-BAJ-SDJ

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 40)** filed by Defendants Deputy R. Jackson and Deputy K. Mills. Plaintiff filed an opposition (Doc. 44). Defendants filed a reply (Doc. 46). For the reasons that follow, the **Motion (Doc. 40)** is **DENIED**.

## I. BACKGROUND

Plaintiff is an inmate incarcerated at the East Baton Rouge Parish Prison. He alleges that on May 11, 2017, he was escorted to the medical department for an examination by Dr. A. Brown. (Doc. 1-1 at 3). While Dr. Brown examined him, Captain Edward Peters and Defendants were present. *Id.* According to Plaintiff, Capt. Peters and others made sexual comments and advances towards him. *Id.* Deputy Jackson allegedly stated that Plaintiff needed "his ass beat." *Id.* Plaintiff claims he then attempted to leave, and Deputy Mills punched him in the face while the other two officers kicked and punched him. *Id.* Plaintiff further alleges that he was slammed face down into the examination table as someone penetrated his

1

rectum. *Id.* He claims that he was fully restrained at all times. *Id.* Plaintiff sued Defendants under 42 U.S.C. § 1983.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

To overcome Defendants' motion to dismiss, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal,* 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's amended complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

### A. Plaintiff's Claims against Defendants in their Official Capacity

Suits against a public official in his official capacity "generally represent only another way of pleading against the government entity for which the official is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690 n. 55 (1978). Therefore, suits against a public official in his official capacity should be treated as a suit against the government entity itself. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991). In an official capacity suit against a public official, the government entity's policy or custom must have played

2

a role in the constitutional violation. *Hafer*, 502 U.S. at 25; *Kentucky,* 473 U.S. at 166. The Fifth Circuit has held that municipal liability under section 1983 requires proof of three elements: (1) a policy maker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Defendants argue that Plaintiff has failed to state a claim against them in their official capacity because Plaintiff has alleged neither an official "policy or custom" that caused his injuries, nor that Defendants are "policy makers."

The Court agrees. Plaintiff does not allege any facts as to any policy or custom that caused the deprivation of his civil rights. Plaintiff also does not allege that Defendants should be considered policy makers. Therefore, the Court finds that Plaintiff has failed to plausibly state a claim, pursuant to Rule 12(b)(6), that he is entitled to relief for excessive force against Defendants in their official capacities.

However, Plaintiff is a *pro se* plaintiff, and a document filed *pro se* is "to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. Additionally, the Fifth Circuit has held that district courts err in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2001). As such, the Court will allow Plaintiff to amend his complaint to state allegations against Defendants in their official capacities.

3

## 2. Plaintiff's Claims against Defendants in their Personal Capacity

### 1. Qualified Immunity

Because Defendants assert qualified immunity, Plaintiff "bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 416 (5th Cir. 2019). Plaintiff must allege facts showing that (1) Defendants violated a statutory or constitutional right and (2) the right was clearly established at the time of their conduct. *See id.* at 417.

The Supreme Court has held that the "unnecessary and wanton infliction of pain … constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations omitted). The Court has further held that "[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Within the prison conditions context, courts are required to ascertain whether the officials involved acted with "deliberate indifference" to the inmates' health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). A court may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Here, Plaintiff's allegations, if true, sufficiently plead an Eighth Amendment violation. According to Plaintiff, Defendants punched and kicked Plaintiff in his face, head, and ribs while he was fully restrained, causing severe physical injuries.

Defendants do not offer sufficient argument to justify their alleged punishment of Plaintiff.

The second step of the qualified immunity analysis is to determine whether Plaintiff has claimed a violation of a clearly established constitutional right which was in existence at the time of his incarceration. In this case, Plaintiff has alleged violations which, if true, violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Court finds that it was clearly established at the time of the incident that although the Constitution "does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349, conditions of confinement "must not involve the wanton and unnecessary infliction of pain." (*Id.* at 347). Further, "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley*, 475 U.S. at 319.

The Court's conclusion that "a reasonable person would have known," *Harlow*, 457 U.S. at 818, of the violation asserted in this case is buttressed by the fact that Plaintiff was allegedly fully restrained while Defendants beat him. Arguably, such a violation is so obvious that considerable Eighth Amendment case precedent gave respondents fair warning that the alleged conduct violated the Constitution. Moreover, the Fifth Circuit has observed that "certain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment." *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (citing *Novak v. Beto*, 453 F.2d 661, 665 (5th Cir. 1971)).

5

Thus, the obviousness of the alleged conduct, in addition to the "fair and clear warning," *United States v. Lanier*, 520 U.S. 259, 271 (1997), that Fifth Circuit jurisprudence requires, sufficiently shows that Defendants are precluded from raising the defense of qualified immunity at this stage of the proceedings. Accordingly, Defendants' motion to dismiss is denied.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 40)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**