**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**TRAVIS SENTELL DAVIS**                                    **CIVIL ACTION NO.**

**VERSUS**                                                               **17-795-BAJ-SDJ**

**EAST BATON ROUGE PARISH**
**PRISON**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 9, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                              CIVIL ACTION NO.

**VERSUS**                                            17-795-BAJ-SDJ

**EAST BATON ROUGE PARISH
PRISON**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Insufficiency of Service filed by Defendant A. Brown.[1]  The motion is unopposed.  For the following reasons, the Motion should be denied.

### I.      Background

Plaintiff Travis Sentell Davis, who is representing himself and is incarcerated at the East Baton Rouge Parish Prison ("EBRPP") in Baton Rouge, Louisiana, instituted this action on October 8, 2017, against Edward Peters, A. Brown, R. Jackson, K. Mills, East Baton Rouge Parish Prison, East Baton Rouge Parish Prison Medical Staff, Catahoula Detention Center, and River Bend Detention Center.[2]  On October 6, 2019, Plaintiff added Sid J. Gautreaux, III, and Sheriff Dennis Grimes to his Complaint.[3]

### II.     Law & Analysis

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[4]  The burden of demonstrating the validity of service when an objection is made lies with the party making service.[5]

Rule 4 of the Federal Rules of Civil Procedures provides in pertinent part:

---

[1] R. Doc. 66.
[2] Jackson and Mills were originally named as Deputy Jackson and Deputy Mills, but Plaintiff amended his Complaint to include their first initials.  R. Doc. 25.
[3] R. Doc. 25.
[4] *Holly v. Metro. Transit Auth.,* 213 Fed.Appx 343, 344 (5th Cir. 2007).
[5] *Id.*  (citing *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)).

> **"(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> **(2)** doing any of the following:
>>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process…[6]

Brown has argued that service on her was improper because service was attempted through Phyliss McNeel at Brown's former place of employment, which service would be insufficient.[7] Brown cites R. Doc. 33 in support of this proposition. However, R. Doc. 33 demonstrates that "East Baton Rouge Prisoner Medical"[8] was served through McNeel, not A. Brown, and a simple review of the record demonstrates that Brown was *personally* served by a United States Marshal on May 19, 2020.[9] Thus, the document Brown is relying upon to demonstrate she was not served is not even the correct service return. Serving an individual personally is clearly sufficient service, and the service return indicates Brown was served personally.[10] Because a review of the record demonstrates Brown was personally served, the Motion should be denied.

---

[6] The pertinent Louisiana rules of civil procedure are consistent with Rule 4(e) of the Federal Rules of Civil Procedure. *See* La. Code Civ. P. arts. 1231-1235.
[7] R. Doc. 66-1, p. 2.
[8] Davis named as a Defendant "East Baton Rouge Medical Staff and East Baton Rouge Inmate Accounts" separately from A. Brown. R. Doc. 1.
[9] R. Doc. 36.
[10] R. Doc. 36, p. 3.

2

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss for Insufficiency of Service[11] be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 9, 2021.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 66.

3