## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                                **CIVIL ACTION NO.**

**VERSUS**                                                        **17-795-BAJ-SDJ**

**EAST BATON ROUGE PARISH
PRISON, ET AL.**

## <u>ORDER</u>

Before the Court is a Motion to Strike[1] filed by Defendants Kevin Mills and Ronald Jackson, which requests this Court to strike Plaintiff's Amended Complaint[2] from the record and a Motion to Amend[3] filed by Plaintiff, Travis Sentell Davis, which seeks to add parties. For the following reasons, the Motion to Strike is granted,[4] and the Motion to Amend is denied. Additionally, Plaintiff's Amended Complaints in R. Docs. 30, 37, 64, and 65 are stricken *sua sponte*.[5]

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff was required to seek leave of Court prior to filing these amended complaints as he had already filed one amended complaint.[6] Further, to allow the amended complaints to proceed

---

[1] R. Doc. 73.

[2] R. Doc. 72.

[3] R. Doc. 70.

[4] A motion to strike is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, as motions for leave to amend are generally considered nondispositive in nature (s*ee, e.g.*, *Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases), it follows that motions to strike amended complaints are also nondispositive. Accordingly, the undersigned issues an Order on the Motion to Strike.

[5] It is appropriate for the Court to strike a pleading on its own motion. Fed. R. Civ. P. 12(f)(1); s*ee McCarty v. Dunbar*, No. 19-800, 2020 WL 4495467 (M.D. La. Aug. 4, 2020).

[6] R. Doc. 25. Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading *once* as a matter of course…") (emphasis added).

further would be futile because the complaints contained in R. Docs. 30, 65, and 72 are unexhausted,[7] and the claims in R. Docs. 37 and 64 are unrelated to the original complaint.[8]

With respect to Davis's Motion to Amend, it is within the Court's discretion to deny a motion to amend if it is futile.  An amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted."[9]  The Court finds such futility in this case. Davis only asks to add Defendants but makes no factual allegations against these Defendants.[10] Because Plaintiff does not make any factual allegations against these Defendants, allowing Davis to amend the Complaint to name them would be futile because it would fail to state a claim upon which relief may be granted.[11]  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike[12] be **GRANTED**, and the Clerk of Court is directed to **STRIKE** R. Doc. 72 from the record.

**IT IS FURTHER ORDERED**, *sua sponte*, that the Clerk of Court **STRIKE** R. Docs. 30, 37, 64, and 65 from the record.

---

[7] This action was instituted in 2017, but the events complained of in R. Docs. 30, 65, and 72 occurred in 2019, 2020, and 2021, after the filing of the instant action.  Thus, because it is impossible for those complaints to have been exhausted prior to the filing of this action, they should be dismissed as the claims contained therein would be subject to dismissal for failure to exhaust pursuant to 42 U.S.C. § 1997e.

[8] Davis's original complaint was limited to complaints regarding incidents of excessive force occurring on May 11, 2017, and complaints regarding health care shortly after that incident.  R. Doc. 1-1.  The allegations of R. Docs. 37 & 64 are regarding an alleged false criminal charge for a rape committed by Davis and are entirely separate from those allegations of the original complaint.

[9]  *Stripling v. Jordan Production Co.,* 234 F.3d 863, 872-873 (5th Cir. 2000).

[10] R. Doc. 70, p. 1.

[11] *See, e.g.*, *Bekendam v. Texas*, No. 20-2307, 2021 WL 1063812, at *3 (N.D. Tex. March 3, 2021) (plaintiff failed to tie any factual allegations to the named defendants, so her claims were dismissed as legally frivolous); *Griggs. v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (petition named agent as a defendant and mentioned "defendants" in passing but alleged no specific facts to the agent; thus, no real possibility of recovery); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 260, n. 8 (5th Cir. 1995) (other than listing the agent's name and address, the petition did not specifically mention the agent at all; absent any factual allegations, there was no cause of action).

[12] R. Doc. 73.

**IT IS FURTHER ORDERED** that the Motion to Amend[13] filed by Travis Sentell Davis is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 23, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 70.