# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                                   **CIVIL ACTION NO.**

**VERSUS**                                                        **17-795-BAJ-SDJ**

**EDMUND PETERS, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                             **CIVIL ACTION NO.**

**VERSUS**                                                         **17-795-BAJ-SDJ**

**EDMUND PETERS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This matter comes before the Court for a determination regarding whether Edward Peters should be dismissed from this action for failure of Plaintiff to serve Peters.[1]  For the following reasons, the undersigned recommends Plaintiff's claims against Peters be dismissed.

### I.      Background & Procedural History

      Plaintiff, Travis Sentell Davis, who is confined at the East Baton Rouge Parish Prison in Baton Rouge, Louisiana, instituted this action against numerous Defendants, of which only Edward Peters, R. Jackson, and K. Mills remain.[2]  Summons were issued in this case on September 20, 2019.[3]  Thereafter, Davis was granted an extension of time to effect service and was instructed to effect service upon all Defendants by January 6, 2020.[4]  On January 13, 2020, summons was returned as purportedly executed as to multiple Defendants, including Peters.[5]  However, the Court granted a Motion to Quash Service because service was not properly effected against Peters, so the Court provided Davis with an additional 45 days to properly effect service.[6]  Davis never attempted to serve Peters after the Motion to Quash was granted, so the Court ordered Davis to

---

[1] The undersigned was instructed to undertake this analysis pursuant to R. Doc. 85.
[2] R. Docs. 1, 25, 79, & 85.
[3] R. Docs. 17 & 18.
[4] R. Doc. 24.
[5] R. Doc. 29.
[6] R. Doc. 42.

show cause as to why his claims against Peters should not be dismissed for failure to timely effect service.[7]  Davis has failed to timely respond.

## II.    Law & Analysis

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed.  Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint."  Service was ordered, and summonses were first issued nearly three years ago.[8]  Further, Davis learned of the defects in service almost two years ago and was given an additional opportunity to serve Peters.[9]

To avoid dismissal, Plaintiff must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service.[10]  To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[11]  A determination whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case.[12]  At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."[13]  Because Plaintiff has wholly failed to respond to the Court's show cause Order, he has not demonstrated good cause.

---

[7] R. Doc. 89.
[8] R. Docs. 17 & 18.
[9] R. Doc. 42.  The Motion to Quash was granted on June 22, 2020, nearly two years ago.  Since that time, Davis has not taken any steps to serve Peters.
[10] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[11] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306(5th Cir. 1985) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).
[12] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).
[13] *Id.*

However, even if Plaintiff lacks good cause, the Court may extend the time for service.[14] Such an extension may be warranted "if the applicable statute of limitations would bar the refiled action."[15]   Here, because Plaintiff complains of events occurring in May 2017,[16] dismissal of Plaintiff's claims against Peters without prejudice will likely have the effect of a dismissal with prejudice, given that the events giving rise to the complaint occurred over five years ago. Accordingly, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[17] Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."   Here, the delay is caused solely due to Plaintiff's failure to arrange for service, and, despite notice from the Court, Plaintiff wholly failed to even attempt to remedy the defects in service.[18]   After the Motion to Quash was granted, Davis never requested service on Peters again; rather, he only reattempted service as to Sheriff Sid Gautreaux, III, and Warden Dennis Grimes.[19]   That summons was also returned unexecuted.[20]   Thereafter, Davis did not attempt service again.   Years have passed without Davis taking any meaningful action to have

---

[14] *Thompson*, 91 F.3d at 21.

[15] *Milan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

[16] R. Doc. 1-1-

[17] *Milan*, 546 F.3d at 326 (internal quotation marks and citations omitted).

[18] *McWherter v. Collins*, 71 F.3d 875 (5th Cir. 1995) ("At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (internal quotation marks and citations omitted).

[19] R. Doc. 71, p. 1.   The only names listed by Davis as individuals to serve were Sid Gautreaux, III, and Warden Dennis Grimes.

[20] R. Doc. 71.

Peters served; accordingly, Plaintiff's blatant inaction in curing the defects of service warrants dismissal.

**<u>RECOMMENDATION</u>**

**IT IS RECOMMENDED** that Plaintiff's claims against Edward Peters be **DISMISSED WITH PREJUDICE** for failure to timely effect service upon Edward Peters and that this matter be referred back to the undersigned for further proceedings on Plaintiff's remaining claims (*i.e.*, Plaintiff's claims for monetary relief against R. Jackson and K. Mills in their individual capacities for the incident of alleged excessive force and failure to intervene occurring on May 11, 2017).

Signed in Baton Rouge, Louisiana, on June 17, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**