## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**  CIVIL ACTION NO.

**VERSUS**  17-795-BAJ-SDJ

**EAST BATON ROUGE PARISH PRISON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 11, 2022.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS SENTELL DAVIS                                    CIVIL ACTION NO.

VERSUS                                                          17-795-BAJ-SDJ

EAST BATON ROUGE PARISH
PRISON, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a cross-motions for summary judgment.[1] For the following reasons, it is recommended that the Motion for Summary Judgment[2] filed by R. Jackson and K. Mills be granted, the Motion for Summary Judgment[3] filed by Travis Sentell Davis be denied, and that the remaining claims be dismissed with prejudice.

**I.    Background**

Plaintiff Travis Sentell Davis ("Davis"), who is representing himself and is incarcerated at the East Baton Rouge Parish Prison ("EBRPP") in Baton Rouge, Louisiana, instituted this action on October 8, 2017, against Edward Peters, A. Brown, R. Jackson, K. Mills, East Baton Rouge Parish Prison, East Baton Rouge Parish Prison Medical Staff, Catahoula Detention Center, and River Bend Detention Center.[4] On October 6, 2019, Plaintiff added Sid J. Gautreaux, III, and Sheriff Dennis Grimes to his Complaint.[5] All Defendants and claims have been dismissed except Davis's claims for monetary relief against R. Jackson and K. Mills in their individual capacities for the alleged act of excessive force and related failure to intervene occurring on May 11, 2017.[6]

---

[1] R. Docs. 93 & 94.
[2] R. Doc. 93.
[3] R. Doc. 94.
[4] Jackson and Mills were originally named as Deputy Jackson and Deputy Mills, but Plaintiff amended his Complaint to include their first initials. R. Doc. 25.
[5] R. Doc. 25.
[6] R. Docs. 1-1,

II.  **Law & Analysis**

   a.  **Standard of Review**

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[7] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[8] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[9] Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[10] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[11] However, the court must also determine whether the non-moving party's allegations are *plausible*. In considering a motion for summary judgment, once the court has "determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision] is a pure question of law."[12]

---

[7] Fed. Rule Civ. P. 56. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[8] *Celotex Corp.*, 477 U.S. at 323.
[9] *Anderson*, 477 U.S. at 248.
[10] *Celotex Corp.*, 477 U.S. at 323.
[11] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[12] *Scott v. Harris*, 550 U.S. 372, at n. 8 (2007) (emphasis in original).

## b. Mills and Jackson did not Use Excessive Force

Because Davis was a pretrial detainee, his claims of excessive force are properly analyzed under the Fourteenth Amendment Due Process Clause.[13] The appropriate standard to judge excessive force for a pretrial detainee is solely an objective one.[14] "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'"[15] Accordingly, the pertinent question is whether, from an objective point of view, Defendants' actions were rationally related to a legitimate, nonpunitive, governmental purpose and whether their actions were excessive in relation to that purpose.[16]

The competent summary judgment evidence produced by Defendants demonstrates that on May 11, 2017, the following events transpired. Davis was escorted to the medical department after cutting his neck, legs, and arms with a piece of razor.[17] Davis had also swallowed razors and placed a piece of a metal object in his penis.[18] Dr. Andrea Brown, who was previously dismissed from this suit,[19] informed Davis she would need to perform a rectal examination to check for bleeding because Davis had swallowed a razor blade; Davis then tried to run from the examination room and had to be restrained by Captain Peters and Deputy Mills.[20] Davis refused to follow various orders to return to the examination table, actively resisted officers, and attempted to strike Peters.[21] Peters and Mills continued to wrestle with Davis in an attempt to get him back on the

---

[13] *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (noting that excessive force claims brought by convicted prisoners are analyzed under the Eighth Amendment, and excessive force claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause).
[14] *Id.* at 397.
[15] *Id.* at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)).
[16] *Id.* at 397-98.
[17] R. Docs. 41-1, p. 10-11; 93-10; & 93-11.
[18] R. Docs. 93-10 & 93-11.
[19] R. Docs. 79 & 85.
[20] R. Docs. 93-10 & 93-11.
[21] R. Docs. 93-10 & 93-11.

3

table.[22]  During the tussle, Davis hit his forehead on the wall.[23]  Davis continuously kicked and attempted to head butt Peters and Mills and refused to comply with verbal orders.[24]  Jackson heard the struggle coming from the examination room and entered to help restrain Davis.[25]  Jackson and Mills did not hit, punch, or kick Davis.[26]  Davis was disciplined for his defiance in the examination room.[27]  Davis has not produced any competent summary judgment evidence to refute the foregoing.

Based upon the undisputed evidence, there can be no disagreement that Defendants' use of force in restraining Davis was rationally related to the legitimate, non-punitive, governmental purpose of allowing a medical examination that was deemed necessary to protect Davis's life by a medical professional, as well as preventing Davis from exiting the examination room without permission.  Accordingly, the question becomes whether the Defendants' use of force was excessive in relation to that purpose.  In answering this question, the Court turns to the *Hudson* inquiry to determine whether the use of force was "wanton and unnecessary," *i.e.*, excessive.[28]  However, because Davis was a pretrial detainee at the time of the incident, the Court need only ask whether the force was unnecessary, not whether it was so unnecessary as to show the requisite state of mind to support an Eighth Amendment excessive force claim.[29]  The factors to examine include the extent of injury sustained, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.[30]

---

[22] R. Docs. 93-10 & 93-11.
[23] R. Docs. 93-10 & 93-11.
[24] R. Docs. 93-10 & 93-11.
[25] R. Doc. 93-11.
[26] R. Docs. 93-10 & 93-11.
[27] R. Doc. 41-4.
[28] *Thompson v. Beasley*, 309 F.R.D. 236, 247 (N.D. Miss. July 13, 2015).
[29] *Id.*
[30] *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

4

Regarding injury sustained, the competent summary judgment evidence indicates that the only injury sustained by Davis included a bruise above his eye.[31] This injury is *de minimis* and weighs against a finding of excessive force.[32] The undisputed evidence also demonstrates that force was only administered after Davis jumped from the exam table in the medical examination room and tried to run from the room without permission, at which time, Peters and Mills placed their hands on Davis's chest to attempt to prevent him from running from the room for security purposes.[33] Davis resisted complying with orders by kicking and attempting to head butt officers; Davis kicked cabinets in the room causing items to fall.[34] Each of these acts justified the use of force,[35] which weighs against a finding of excessive force.

Regarding the relationship between the need for force and amount of force utilized, it is undisputed that Mills and Peters only wrestled with Davis until they were able to gain his compliance.[36] It is also undisputed that no Defendant punched or kicked Davis.[37] Further, Jackson only entered the examination room after he witnessed Mills and Peters struggling to restrain Davis, who was combative; Jackson proceeded to hold Davis's legs to stop him from kicking.[38] All of these actions, which were aimed at preventing Davis from leaving a secure area and from causing

---

[31] R. Docs. 41-4, p. 3; 93-10.
[32] *See Renthrope v. Toffton*, No. 05-1390, 2007 WL 37999, at *5 n. 6 (W.D. La. Jan 4, 2007) ("the absence of any sign fo injury other than a minor cut" weighed in favor of officer under *Hudson*).
[33] R. Doc. 93-10, p. 1.
[34] R. Doc. 93-10, p. 1.
[35] *See Martin v. Seal,* No. 11–726, 2014 WL 2890125, at *4 (E.D. La. June 25, 2014) ("[T]he use of force may be appropriate to restore discipline [and] it is undisputed that plaintiff was refusing to follow orders."); *Magana v. Strickland,* No. 08–2899, 2010 WL 3660919, at *9 (S.D. Tex. Sep. 20, 2010) ("Magana resisted the officers' efforts to escort him from the infirmary. There is evidence of a need for force."); *Minix v. Blevins,* No. 06–306, 2007 WL 1217883, at *25 (E.D. Tex. Apr. 23, 2007) ("[T]he Fifth Circuit has held that the use of tear gas, when reasonably necessary to prevent .... [e]scapes ... does not constitute cruel and inhuman punishment.") (citing *Clemmons v. Greggs,* 509 F.2d 1338, 1340 (5th Cir.1975)).
[36] R. Doc. 93-10, pp. 1-2.
[37] R. Doc. 93-10, p. 2.
[38] R. Doc. 93-11, p. 1.

harm to himself or others, represent a reasonable relationship between the need for and amount of force used,[39] so this factor weighs against a finding of excessive force.

It is undisputed that Davis ran towards the officers and attempted to run from an examination room without permission.[40] An inmate running towards officers in an attempt to run through the halls of a prison presents an objective threat to both the officers and to institutional security.[41] Finally, the fifth factor also weighs in favor of Defendants and against a finding of excessive force because it is undisputed that Peters "asked Davis several times to get back on the table, but he refused to move away from the door" and failed to comply with other verbal orders.[42] The issuance of verbal orders constitutes an effort made to temper the severity of a forceful response.[43]

All *Hudson* factors weigh against a finding of excessive force. Accordingly, there is no genuine issue of material fact as to whether the uses of force by any Defendant was excessive. Thus, Davis's Fourteenth Amendment right to be free from excessive force was not violated, and his § 1983 claim must fail.[44]

---

[39] *See Stevenson v. Vinson,* No. 09–39, 2009 WL 5062068, at *8 (E.D.Tex. Dec. 15, 2009) ("A five man team had to be assembled due to his resistance. They had to subdue him on the floor to conduct the search, and he persisted in struggling. His injuries were consistent with being forcibly placed on the floor. The extent of the force used was directly related to the degree of resistance caused by the Plaintiff.").

[40] R. Doc. 93-10, p. 1.

[41] *See Waddleton v. Rodriguez*, 750 Fed.Appx. 248, 254-55 (5th Cir. 2018) (inmate's sudden movement towards officers constituted a threat weighing in favor of officers' use of force and against a finding of excessive force).

[42] R. Doc. 93-10, p. 1.

[43] *Magana v. Strickland*, No. 08-2899, 2010 WL 3660919, at *8 (S.D. Tex. Sept. 20, 2010) ("The summary judgment evidence shows that the defendants took steps to temper the severity of the response. Guards ordered the inmates to lie down on their bunks.").

[44] The Court notes that to the extent Davis did not consent to the medical examination by Dr. Brown, such a claim does not rise to the level of a constitutional violation. *Cano v. Faust*, No. 19-0317, 2022 WL 980276, at *9 (S.D. Tex. Mar. 31, 2022) (no constitutional violation when medical provider conducted rectal examination without consent); *Hollis v. United States*, 323 F.3d 330, 335 (5th Cir. 2003) (a medical provider who renders medical services in absence of express or implied consent may be liable under state tort law for battery, but no Eighth Amendment right is at issue).

### c. There is No Claim for Failure to Intervene

Under the Eighth Amendment to the United States Constitution, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's use of excessive force under a theory of bystander liability. An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.[45] Thus, a prerequisite for bystander liability is that the fellow officer's use of force must have actually been excessive and in violation of the constitution.[46] Having found that no officer used excessive force, Davis's claims for failure to intervene also fail and are subject to dismissal.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment[47] filed by Travis Sentell Davis be **DENIED**, that the Motion for Summary Judgment[48] filed by R. Jackson and K. Mills be **GRANTED**, that the remaining claims for excessive force and failure to intervene be **DISMISSED WITH PREJUDICE**, and this case be **CLOSED**.

---

[45] *See Whitley v. Hale*, 726 F.3d 631, 646 (5th Cir. 2013) (citing *Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995)).
[46] *Taylor v. Lollis*, No. 19-200, 2021 WL 5278729, at n. 50 (M.D. La. July 26, 2021) ("of logical necessity, the existence of a constitutional violation is an absolute prerequisite to a failure to intervene claim.").
[47] R. Doc. 94.
[48] R. Doc. 93.

**ORDER**

In light of the above recommendation, the Motion to Appoint Counsel[49] and Motion for Spears[50] filed by Travis Sentell Davis are **DENIED** without prejudice to his reurging them should the above recommendation not be adopted.

Signed in Baton Rouge, Louisiana, on August 11, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Doc. 88.
[50] R. Doc. 95. This motion also substantively objects to the dismissal of Peters for failure to serve, and Davis asserts he has had issues with his mail. However, Davis does not attempt to show cause for his failure to serve in this response; instead, he just argues he would have shown cause. Further, based upon the undisputed summary judgment evidence, at this juncture, had Peters not been dismissed for failure to serve, he would be subject to dismissal on summary judgment on this Court's own motion.